STATE OF RHODE ISLAND SUPERIOR COURT
WASHINGTON, SC.

DAVID BARNES DEVELOPMENT, INC.
vs. : C.A. No. WC07-796
DAVID R. GIFFORD, M.D., M.P.H., in his capacity as
DIRECTOR, DEPARTMENT OF HEALTH
and LILLIAN BERARD

SUPERIOR COURT
FILED
COURTLAND R CHAPMAN, JR.
07 DEC -4 PM 2:15

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### PARTIES

1. The plaintiff David Barnes Development, Inc. is a Rhode Island domestic profit corporation that owns and operates a tavern and restaurant under the name and style "Mews Tavern", located at 456 Main Street, Wakefield, Rhode Island.

2. The Department of Health is a Department of State Government of the State of Rhode Island and Providence Plantations that exercises those powers vested by operation of Chapter 18 of Title 42 of the Rhode Island General Laws.

3. David R. Gifford, M.D., M.P.H. is a named defendant in his capacity as the current Director of the Rhode Island Department of Health.

4. The defendant Lillian Berard is employed by the Rhode Island Department of Health as Supervisor, Environmental Health Food Specialist, Southern Field Office, Office of Food Protection.

*Office of Food Protection*

5. Office of Food Protection is a division of the Rhode Island Department of Health that establishes and enforces minimum standards for sanitation and safety in food businesses and food establishments, as set forth in the "Food Code" (R23, 21-27-FOOD).

6. The Food Code authorizes the Office of Food Protection to inspect food establishments and thereafter to document on an inspection report form specific factual observations of violative conditions or other deviations from the Code that require correction by the food establishment.

7. The Food Code also requires the Office of Food Protection to specify on the inspection report the time frame for correction of violations by the food establishment.

8. After receiving notification that the food establishment has made the required corrections, the Office of Food Protection is required to verify the correction, document the corrective

True Copy Attest
C. R. Chapman
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

information on an inspection report, and enter the report in the records of the Office of Food Protection.

9. The Food Code requires the Office of Food Protection to treat the inspection report form as a public document and make it available for disclosure to a person who requests it under law.

10. After an inspector has completed the inspection report it must be reviewed and approved by the supervisor from that area before it is made available to the public.

11. After review and approval by the area supervisor, the Office of Food Protection makes inspection reports directly and immediately available to the public "on line", through the Office of Food Protection Report Access Page located on the web site of the Rhode Island Department of Health (http://ri.digitalhealthdepartment.com).

12. After the Office of Food Protection has verified that previous violations have been corrected, the internal standards and practices of the Office of Food Protection call for the inspection report that documents the corrections to be posted on the web site no later than three weeks after the report has been completed.

FACTUAL OCCURRENCES

*(Failure and Refusal to Post Notice of Corrections)*

13. Departmental inspection of the Mews Taven on May 9, 2007 revealed certain violative conditions or other deviations from the Code that were recorded in an inspection report.

14. The plaintiff was notified by the defendant Lillian Berard to appear at a Rhode Island Department of Health meeting on May 31, 2007 and to bring a plan for correcting the violations that were reported after the inspection on May 9, 2007.

15. The plaintiff, acting by and through its agent and attorney, attended the meeting and submitted a a plan for correcting the violations.

16. In the course of the May 31 meeting, the defendant Berard was extraordinarily uncooperative, hostile and offensive in her behavior toward the plaintiff's agent, Daniel Rubino and the plaintiff's attorney, Margaret A. Lawrence.

17. The plaintiff corrected all of the violations within the time frame for correction of the violations.

18. Departmental inspection of the Mews Taven on June 21, 2007 revealed that all violations had been corrected and on that date the field inspector prepared and submitted to the defendant Berard the inspection report of the corrections.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

19. The defendant Berard wilfully and maliciously and in clear contravention of the internal standards and practices of the Office of Food Protection failed and refused to post on the department's web site the inspection report documenting the corrections until November 13, 2007.

20. The defendant Berard negligently deviated from the internal standards and practices of the Office of Food Protection by failing to post on the department's web site the inspection report documenting the corrections until November 13, 2007.

21. The defendant Berard's failure and refusal to post on the department's web site the inspection report documenting the corrections until November 13, 2007 disparaged the plaintiff and created the false public impression that the Mews Tavern was an unsanitary food establishment.

*(Public Reporting of Unverified Complaints)*

22. The plaintiff reiterates that the Food Code authorizes the Office of Food Protection to inspect food establishments and thereafter to document on an inspection report form specific factual observations of violative conditions or other deviations from the Code that require correction by the food establishment.

23. On or about August 28, 2007, the Office of Food Protection received an e-mail communication from a person who claimed that he or she had suffered a foodborne illness after eating a hamburger and certain shrimp and scallop dishes at the Mews Tavern.

24. The shrimp and scallop dishes identified by the complainant were not even on the menu of the Mew's Tavern.

25. On August 28, 2007, departmental inspection of the Mews Taven was conducted and that inspection revealed a single violative condition or other deviation from the Code: the temperature of chili in a hot holding unit was 127°F instead of the required 140°F.

26. The departmental inspection of the Mews Tavern produced no observation or finding that corroborated or otherwise supported the complaint of a foodborne illness.

27. The inspection report of the August 28, 2007 inspection, that was posted on the web site, contains the following entry in the section captioned "OBSERVATIONS AND CORRECTIVE ACTIONS": "Remarks Foodborne illness complaint:" (A true copy of the inspection report is attached to this Complaint and incorporated by reference herein).

28. It is reasonably foreseeable that a consumer who views the inspection report would erroneously conclude that a customer of the Mews Tavern did suffer a foodborne illness as the result of dining at the Mews Tavern.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

29. Upon information and belief, it is a standard practice of the Office of Food Protection to post on its web site uncorroborated complaints of foodborne illness in a manner that would indicate to the public that the complaint is valid.

30. The aforesaid standard practice of the Office of Food Protection creates an unreasonable and unnecessary risk that consumers who utilize the department's web site will erroneously conclude that someone suffered a foodborne illness as the result of dining at the Mews Tavern or other food establishments similarly situated.

CLAIMS

Count 1 (Business Disparagement)

31. The plaintiff realleges and incorporates by reference as if set forth herein paragraphs 1 through 30.

32. The defendant Berard knew or should have known that her failure and refusal to post on the department's web site the inspection report documenting the corrections until November 13, 2007 would disparage the plaintiff and create the false public impression that the Mews Tavern was an unsanitary food establishment.

33. The plaintiff's reputation as a sanitary food establishment was damaged as a direct and proximate result of the defendant Berard's conduct as aforesaid.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory and puntive damages in an amount within the jurisdiction of the Rhode Island Superior Court, plus attorneys fees and costs.

Count 2 (Due Process and Equal Protection Violation)

34. The plaintiff realleges and incorporates by reference as if set forth herein paragraphs 1 through 33.

35. The plaintiff's reputation as a sanitary food establishment is a property interest protected by Article 1, Section 2 of the Constitution of the State of Rhode Island and by the 14th Amendment to the Constitution of the United States.

36. The defendant Berard's conduct as aforesaid deprived the plaintiff of property without due process of law and denied the plaintiff equal protection of the laws.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory and puntive damages in an amount within the jurisdiction of the Rhode Island Superior Court, plus attorneys fees and costs.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Count 3 (Due Process / Injunctive Relief)

37. The plaintiff realleges and incorporates by reference as if set forth herein paragraphs 1 through 36.

38. The standard practice of the Office of Food Protection to post on its web site uncorroborated complaints of foodborne illness in a manner that would indicate to the public that the complaint is valid will continually deprive the plaintiff of property without due process of law.

39. Due process requires the defendant to substantially reduce or eliminate the risk that consumers who utilize the department's web site will erroneously conclude that someone suffered a foodborne illness as the result of dining at the Mews Tavern or other food establishment similarly situated.

WHERERFORE, the plaintiff demands judgment against the defendants for a due process violation and requests the Court to Order the Department of Health of the State of Rhode Island and Providence Plantations to stop issuing public reports of uncorroborated or otherwise unverified complaints of alleged foodborne illness.

By its Attorney,

Neil P. Philbin, Esquire (#2767)
1058 Kingstown Road
P.O. Box 3727
Peace Dale, RI 02883
(401) 782-1190
Fax: (401) 782-1240

True Copy Attest



Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island