**STATE OF RHODE ISLAND**
**WASHINGTON, SC.**

**SUPERIOR COURT**

**DAVID BARNES DEVELOPMENT, INC.**

**V.**

**C.A. NO. WC07-0796**

**DAVID R. GIFFORD, M.D., M.P.H., in his capacity as DIRECTOR, DEPARTMENT OF HEALTH and LILLIAN BERARD**

**ANSWER**

Now come Defendants, David R. Gifford, M.D., M.P.H., in his official capacity as Director of Rhode Island Department of Health and Lillian Berard (hereafter "Defendants"), in answer to Plaintiff's Complaint state as follows:

1. The owner registered with the Department of Health is Steven Gandolfi. Therefore the allegations of Paragraph 1 are denied and Plaintiff is left to his proof.

2. Admitted.

3. Admitted.

4. Admitted, except that the correct title is "Supervising, Environmental Health Food Specialist."

5-12. It is admitted that the Office of Food Protection is a division of the Rhode Island Department of Health, and that it has adopted and enforces certain standards contained in the "Food Code." The remaining allegations contained in paragraphs 5-12 contain Plaintiff's paraphrasing of portions of the Food Code. Defendants neither admit nor deny these conclusory allegations, instead incorporating the provisions of the Food Code as if fully set forth herein.

13.-15. Admitted.

16. Denied.

17. Admitted.

18. It is admitted that the general practice is that said reports are submitted within a week.

19.-21. Denied.

22. Paragraph 22 contains legal conclusions to which no response is required. If a response is required, said allegations are denied.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

23. Admitted that an email was received indicating that a hamburger had been consumed at the Mews Tavern. Further emails clarified where other meals were eaten, so the remaining allegations are denied.

24. Defendants have no knowledge or information as to the truth of the allegations contained in Paragraph 24 and, therefore, said allegations are denied and Plaintiff is left to his proof.

25. Admitted except that improper hot holding is a critical violation.

26. Denied.

27. Admitted that the "Food Establishment Inspection Report" dated 8/28/07 and attached to the Complaint states, in part "Remarks – Foodborne Illness Complaint."

28.-30. The allegations contained in Paragraphs 28-30 are denied.

**Count I**
**(Business Disparagement)**

31. The answers and defenses contained in Paragraphs 1-30 are realleged and incorporated as if fully set forth herein.

32.-33. The allegations contained in paragraphs 32-33 are denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint, and that costs and fees be awarded these Defendants.

**Count II**
**(Due Process and Equal Protection Violation)**

34. Defendants' responses to Paragraphs 1 through 33 are incorporated as if fully set forth herein.

35. Paragraph 35 contains legal conclusions to which no response is required. If a response is required, said allegations are denied.

36. The allegations contained in paragraph 36 are denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint, and that costs and fees be awarded these Defendants.

True Copy Attest
[signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

## COUNT III
## (Due Process/Injunctive Relief)

37. Defendants' responses to Paragraphs 1 through 36 are incorporated as if fully set forth herein.

38. The allegations contained in Paragraph 38 are denied.

39. Paragraph 39 contains legal conclusions to which no response is required. If a response is required, said allegations are denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint, and that costs and fees be awarded these Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to all immunities which are enjoyed by the sovereign.

### THIRD AFFIRMATIVE DEFENSE

Defendants have a statutory duty to make these records accessible to the public.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants are entitled to a presumption that they will act at all times with good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Punitive damages are not warranted or recoverable in this action.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint, and that costs and fees be awarded these Defendants.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Assistant Attorney General
Darryl Paquette, #6330
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Answer by first class mail, postage pre-paid, on this 19th day of December, 2007 to Neil P. Philbin, Esquire, 1058 Kingstown Road, P.O. Box 3727, Peace Dale, RI 02883.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island