**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID BARNES DEVELOPMENT, INC.**

**V.** **C.A. NO. 07-468**

**DAVID R. GIFFORD, M.D., M.P.H.,**
**in his capacity as DIRECTOR, DEPARTMENT**
**OF HEALTH and LILLIAN BERARD**

# INITIAL SCHEDULING CONFERENCE STATEMENT

The Defendants, David R. Gifford, M.D., Department of Health and Lillian Berard were named as Defendants in a civil action filed in Superior Court of Rhode Island, County of Washington, entitled David Barnes Development, Inc. v. David R. Gifford, et al., C.A. No. WC 07-0796. As the above described action, as stated in Plaintiff's complaint, is one of which this court has original jurisdiction pursuant to the provision of 28 U.S.C. § 1331, Defendants petitioned this Court for the removal of the action pursuant to the provisions of 28 U.S.C. § 1441(a)-(d).

## I. FACTS OF THE CASE

Inspectors from the Rhode Island Department of Health ("DOH"), during the course of a routine inspection of the Plaintiff's restaurant, the Mews Tavern, found numerous health violations. DOH employees then proceeded to work with the proprietors of the Mews Tavern to formulate a plan for the correction of the health violations, and after a number of meetings, at the Mews Tavern and DOH offices, a plan was approved and later implemented by the Plaintiff that corrected the violations on or about June 21, 2007.

Plaintiffs allege that Defendants exhibited some form of bias toward their establishment as a result of the length of time that transpired before the results of the above-referenced inspections were posted on the DOH website, when in reality the website in question did not go "live" and available for public viewing until November 6, 2007. Before this date, no information regarding inspections of the Mews Tavern, or any other eating establishment in the state, was available to the public via the internet.

II. LEGAL ISSUES

Defendants' defenses include their immunity under Rhode Island statutory law, their qualified immunity under federal law for their good faith actions, and the sovereign immunity that insulates these defendants from both 42 USC § 1983 liability and state law liability. Further, defendants assert that plaintiffs have not alleged, nor will they prove, the elements of any claim.

Respectfully submitted,

STATE OF RHODE ISLAND

By Its Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Darryl J. Paquette
__________________________________

DARRYL J. PAQUETTE (#6330)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2245
Fax: (401) 222-2995
E-Mail: dpaquette@riag.ri.gov

## ***CERTIFICATION***

I hereby certify that, on the 11th day of January 2007 the foregoing ***Initial Scheduling Conference Statement*** was served by Electronic Case Filing, and on the following who may not be registered for Electronic Case Filing, by regular United States mail, postage prepaid.

/s/ Darryl J. Paquette

Darryl J. Paquette

Neil P. Philbin, Esq.
1058 Kingstown Road
P.O. Box 3727
Peace Dale, RI 02883