UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID BARNES DEVELOPMENT, INC.
VS. C.A. NO. 07 - 468
DAVID R. GIFFORD, M.D., M.P.H.,
in his capacity as DIRECTOR, DEPARTMENT
OF HEALTH and LILLIAN BERARD

STATEMENT OF CLAIMS (LR Cv 16)

This case arises out of plaintiff's complaints regarding the Rhode Island Department of Health Office of Food Protection Report Access Page located on its website (http://Rhode Island.digitalhealthdepartment.com). The plaintiff owns and operates the Mews Tavern, a restaurant located on Main Street in Wakefield, R.I. The restaurant is subject to periodic inspections by the Office of Food Protection of the Rhode Island Department of Health. After a supervisor reviews and approves the inspector's restaurant inspection report, the report is made available to the public on line through the Department of Health website.

COUNT 1

An inspection of the Mews Tavern on May 9, 2007 revealed certain violations. On May 31, 2007 the plaintiff, accompanied by counsel, attended a meeting with the defendant Lillian Berard, who is a supervisor within the Office of Food Protection of the Rhode Island Department of Health, and submitted a plan for correcting the violations. The plan was accepted, all violations were corrected by the plaintiff within the required time frame, and the Department of Health verified the corrections on June 21, 2007. The general practice of the Department of Health is to report the corrections on its website no later than three weeks after the corrections have been verified. However, the inspection

report that documented the plaintiff's correction of all violations was not posted on the website until November 13, 2007.

Count 1 alleges that the defendant Berard unlawfully disparaged the plaintiff by willfully delaying for almost five months the posting of the corrections report, while knowing that this would create a false public impression that the Mews Tavern was unsanitary. Count 1 states the cause of action commonly known as business disparagement and sometimes referred to as product disparagement or trade libel. *Restatement(Second) of Torts* §623A. According to the Restatement, a party complaining of business disparagement must prove an (1) intentional, (2) unprivileged, (3) publication of (4) a false statement that (5) disparages the property of another, in a manner that can be (6) measured through pecuniary loss. A business disparagement plaintiff must prove that the defendant intended to harm the plaintiff's business interest by making the disparaging statement; otherwise, if the defendant did not intend to disparage the business, the plaintiff must prove that the defendant knew or should have known, that the statement would be harmful. The plaintiff must also prove that the defendant either knew the published statement was false or acted in reckless disregard as to its veracity.

COUNT 2

The plaintiffs are challenging the standard manner in which the Department of Health exercises its authority to publicly report *unverified* consumer complaints of alleged foodborne illness caused by eating in an identified restaurant. On August 28, 2007, the Department of Health received and investigated a complaint that the unnamed complainant had allegedly become ill after eating in the Mews Tavern. The investigation found nothing that would reasonably verify, corroborate or even support that complaint.

However, the report of the incident that was posted on the website, while reporting the complaint, does not clearly communicate to the public that the inspection did not verify, corroborate or otherwise support the complaint. The current manner in which the Department of Health reports unverified consumer complaints of alleged foodborne illness creates an unreasonable and *unnecessary* risk that the public will erroneously conclude that the plaintiff's restaurant is unsanitary and unsafe. The risk can be eliminated with no detriment to the public interest by simply amending the reporting format so that unverified complaints are not reported on the website.

When the Department of Health undertakes to enforce the Rhode Island Food Code, it may not do so in a manner that denies due process and harms or endangers the property interests of the regulated entity. *Baffoni v. State of R.I., Dept. of Health*, 118 R.I. 226, 373 A.2d 184 (1977). There are no absolute rules about whether a particular challenged procedure violates due process. The three-factor balancing test, first set out in *Mathews v. Eldridge*, 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976), must be employed to determine the standard of proof that due process requires. The Court explained that test in *Mathews*:

"[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail."

/s/ Neil P. Philbin

R.I. Bar No. 2767
1058 Kingstown Road
P.O. Box 3727
Peace Dale, R.I. 02883
(401) 782 1190
(401) 782 1240 (fax)
nphilbin5305@yahoo.com

CERTIFICATION

The undersigned certifies that on this 11th day of January, 2008, a true copy of this Statement of Claims was filed electronically with the United States District Court for the District of Rhode Island and with counsel of record via electronic mail:

| | |
|---|---|
| Rebecca Tedford Partington, Esq. | rpartington@riag.ri.gov |
| Daryl Paquette, Esq. | dpaquette@riag.ri.gov |

/s/ Neil P. Philbin